**KLEIER ADVERTISING, INC. and Kleier Marketing, Inc., Plaintiffs,**

v.

**PREMIER PONTIAC, INC. d/b/a Lister Pontiac, Charles Lister, Stokely Outdoor Advertising, Inc. and Bill Stokely, Defendants.**

No. 86–C–1015–C.

United States District Court, N.D. Oklahoma.

June 6, 1988.

Jack A. Wheat, Roach Becker & Wheat, Louisville, Ky., Alan T. McCollom, Lucian Beavers, Laney, Dougherty, Hessin & Beavers, Tulsa, Okl., for plaintiffs.

Mark G. Kachigian, William S. Dorman, Paul B. Naylor, David Tracy, Naylor & Williams, Inc., Stephen L. Wilkerson, Knight, Wagner, Tulsa, Okl., for defendants.

### ORDER

H. DALE COOK, Chief Judge.

Before the Court for its consideration is plaintiffs' proposed journal entry of judgment and defendants' objections to the proposed judgment.

After careful consideration of the record and applicable law, the Court finds as follows.

17 U.S.C. § 504(b) provides:

(b) Actual Damages and Profits.—The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Section 504(b) explicitly states that the copyright owner is permitted to recover

852

actual damages and any profits of the infringer <u>that are not taken into account in computing the actual damages.</u> This latter underscored clause cannot be ignored. The statute expressly prohibits the possibility of double recovery. *See e.g. Taylor v. Meirick,* 712 F.2d 1112, 1120 (7th Cir.1983).

The jury entered "$17,120.05" on each of the Verdict Forms 2 through 5, representing the requested initial license fee of the plaintiffs for one year and for a one-year renewal. Plaintiffs assert that the Court should view this award as $17,120.05 as against defendant Premier Pontiac and an equivalent amount against defendant Stokely for loss profits i.e. "revenues attributable to the infringement." Plaintiffs argue that the "loss revenues" amount to a sum of $16,500.00 which is close enough to the amount indicated. Moreover, plaintiffs graciously agree to a remittitur of the Stokely verdict to the sum of $16,500.00 if the Court will permit the award.

Although it is correct, as plaintiffs argue, that a jury could return a verdict for both actual damages and loss profits, the jury in this action chose not to do so. Rather the jury calculated what they considered to be the damages suffered by plaintiff and awarded the sum as against each defendant jointly and severally. The jury intended a single award of $17,120.05 against the defendants. Further, since the sum entered on Verdict forms 2 though 5 was the same, awarding the amount separately against each defendant would result in double recovery.

■ Plaintiffs have also requested an award of prejudgment interest. An award of prejudgment interest is not expressly authorized by the Copyright Act. The majority view is that prejudgment interest is not recoverable. *See e.g., Baldwin Cooke Co. v. Keith Clark, Inc.,* 420 F.Supp. 404 (D.C.Ill.1976), *Aitken, Hazen, Hoffman v. Empire Constr. Co.,* 542 F.Supp. 252, 264 (D.C.Neb.1982) and *Blackman v. Hustler Magazine, Inc.,* 620 F.Supp. 792, 802 (D.C. D.C.1985). Therefore, the Court declines to grant it in this case.

■ Defendants' application for attorney fees expended in defending plaintiffs' unfair competition, disparagement and deceptive trade practice claims is denied.

It is therefore Ordered that plaintiffs Kleier Advertising, Inc. and Kleier Marketing, Inc. are awarded judgment against defendants Premier Pontiac, Inc. d/b/a Lister Pontiac, Charles Lister, Stokely Outdoor Advertising, Inc. and Bill Stokely, jointly and severally in the sum of $17,-120.05, plus costs and post judgment interest at a rate of 7.59% from the date of this judgment until paid in full.

It is further Ordered that defendants are denied attorney fees.

IT IS SO ORDERED.